228 F.Supp.2d 376 (2002)
In re: ASSICURAZIONI GENERALI S.p.A. ("GENERALI") HOLOCAUST INSURANCE LITIGATION
Haberfeld et al.
v.
Generali, 01 Civ. 9498
Brauns
v.
Generali, 00 Civ. 9492
Mandil
v.
Generali, 00 Civ. 9413
Szekeres
v.
Generali, 01 Civ. 0158
Sladek
v.
Generali, 01 Civ. 6193.
Goldstein-Lightner
v.
Generali, 01 Civ. 0160
No. MDL 1374.
No. M21-89 (MBM).
United States District Court, S.D. New York.
September 25, 2002.
William M. Shernoff, Jeffrey Isaac Ehrlich, Douglas M. Carasso, Evangeline F. Garris, Shernoff, Bidart & Darras, Claremont, CA, for Plaintiffs.
Franklin B. Velie, Dierdre A. Burgman, Salans Hertzfeld Heilbronn, Christy & Viener, New York City, for Defendant.

OPINION AND ORDER
MUKASEY, District Judge.
This opinion is addressed to a motion by plaintiffs in six actions filed initially in the state courts of California, removed to the federal courts there, and then transferred to this court by the Panel on Multi-District Litigation ("MDL Panel"). Familiarity with the issues raised in these cases, as described in earlier opinions of this court and in an opinion issued today, denying dismissal in these and related cases, is assumed for current purposes. The instant motion seeks an order suggesting to the MDL Panel that it remand these cases to the California federal courts, on the ground that defendant has "skillfully managed to use the MDL process to paralyze the litigation," and that these and related cases are either "bottled up" or "moving at a glacial pace." (Notice of Motion and Motion, Etc.; Memorandum of Law at 4) *377 For the reasons set forth below, the motion is denied.
The motion is based on a limited view of the history of this litigation, and includes within its calculation of the time that has elapsed in these six cases the period from their filing in the state courts of California through their removal to the federal courts of that state and their transfer here by the MDL panel. Without going into unnecessary detail, it bears mention that these six cases were designated tag-along cases in relation to others already pending here, and that briefing of motions addressed to forum issues was completed in March 2002, after the filing of amended complaints and the settlement of certain cases against German insurance companies. Those motions have been decided in an opinion filed today. Whatever delay has been experienced by these and other plaintiffs, although certainly regretted, resulted from the need to sift through voluminous submissions in connection with these motions. To the extent that these plaintiffs benefitted from being able to rely on the briefs submitted by others, as they did, they have been spared both time and expense. Further, it is anticipated that whatever additional motions may have to be addressed, discovery will proceed and the court will address promptly, among other issues, the advisability of permitting plaintiffs to perpetuate their testimony.
Finally, it is notable that this is not the first time that counsel for these plaintiffs have sought to avoid or undo the MDL Panel's transfer order. Counsel first filed these cases in the state courts of California, opposed removal and transfer to this court by the MDL panel, and then sought to vacate such transfer once it was granted. Once here, counsel sought to pry these actions out of this court by arguing, in the Haberfeld action, that the matter in controversy did not meet the threshold for diversity jurisdiction because plaintiff sought in the first instance only a declaratory judgment and not money damages, without regard to the value of the underlying dispute between the parties. Haberfeld v. Assicurazioni Generali S.p.A., 2002 WL 417172 (S.D.N.Y. March 18, 2002). Counsel has argued as well that this court will find it inordinately difficult to apply California law, to the extent such law might be applicable.
There is no reason at this stage of the litigation to suggest that these actions be remanded to California. Accordingly, the motion for a suggestion of remand is denied.
SO ORDERED.